ELISHA RUCKMAN *vs.* JACOB D. C. OUTWATER, who sues for the use of ALBERT G. ZABRISKIE.

1. The assignment of a chose in action will not, under the statute, (*Nix. Dig.* 542) vest the right of action in the assignee in his own name, unless it

be a bill, bond, or other instrument of writing for the payment of money only.

2. The statute includes only obligations by which one party binds himself to pay money to another, and does not apply to contracts of indemnity cases and other agreements where either party is bound to perform other distinct and independent acts, or where the payment of money by one party depends upon the performance of some act by the other.

In error to the Bergen Circuit.

*Zabriskie*, for plaintiff in error.

*Bradley*, for defendant.

The opinion of the court was delivered by the

CHANCELLOR. The action below was founded upon a sealed instrument, executed by and between Ruckman and Outwater (the parties to the action), and assigned by Outwater to Albert G. Zabriskie. The only error assigned is, that the action should have been in the name of the assignee, and cannot be maintained by the assignor.

If the assignment is good at law, the right of action under the statute is in the assignee alone. It cannot be in both assignor and assignee. At common law, the right to a chose in action is not assignable. The assignment transfers the equitable interest only. The legal interest in the contract, and the consequent right to enforce it at law, remains in the assignor. The statute makes the assignment of writings obligatory for the payment of money good and effectual in law, and vests the right of action in the assignee. The assignor, by virtue of the assignment under the statute, is divested of all interest, legal and equitable, in the contract. He retains neither the right of property nor of action. If the instrument upon which the action is founded is made assignable by the statute, the right of action is in the assignee alone.

The statute declares that "assignments of bills, bonds, and other writings obligatory for the payment of money

shall be good and effectual in law." The instrument in question is clearly neither a bill nor a bond. If within t e statute, it must be because it is a *writing obligatory* for the payment of money. In the comprehensive sense of the phrase, the instrument in question is a writing obligatory. But, in this sense, every instrument under seal, by which one party covenants to pay money to another, is a writing obligatory for the payment of money. The statute, upon this interpretation, would include leases, building contracts, policies of insurance, and every form of special agreement in the performance of which, by the terms of the contract, money is to be paid by either party to the other. But no such interpretation is or can be contended for. The terms of the statute must receive a much more limited construction. The obligation must be for the payment of money *only*. The context renders this construction necessary. Bills, bonds, and obligations for the payment of money constitute a well known and familiar class of instruments. Both in technical phraseology and in popular use, the terms have a well defined meaning. In that sense the legislature must be presumed to have used the terms. To that class of instruments, alone, the statute was intended to apply. The precise form of the instrument is not essential. But a writing obligatory for the payment of money, within the contemplation of the statute, must be in substance an obligation by which one binds himself to pay money to another, and not an agreement for the performance, by either party, of other distinct and independent acts. There may be stipulations in the instrument touching the time, the manner, or the conditions of payment, and so there may be in every bond. But if the contract contain a stipulation for any act to be done by the obligee as a condition of the payment of the money, the instrument is not within the provision of the statute.

The instrument in question is not in form a bond or obligation for the payment of money. It is not a deed

poll, but an agreement executed by both parties. It recites that Ruckman had conveyed to Outwater certain lands, which were to be conveyed clear of encumbrances, but which, at the time of the conveyance, were subject, together with other lands not included in the deed, to a mortgage of $3000, which the mortgagee was not willing to release, for which reason Ruckman retained $1000, part of the purchase money to be paid to Outwater as soon as the premises conveyed should be discharged from the encumbrance of the mortgage, and thereupon Ruckman covenants that, as soon as the land is discharged from the encumbrance, he will pay $1000, the balance of the purchase money so retained in his hands.

The instrument in effect is a contract of indemnity against the encumbrance upon the property conveyed. The land was to be conveyed by the vendor free of encumbrance. Failing to procure the encumbrance to be discharged at the time of the conveyance, he agrees that the purchaser shall retain $1000 of the purchase money in his hands until the vendor should fulfil his engagement by discharging the encumbrance.

The purchaser accepts the deed upon his being permitted to retain $1000 of the purchase money, by way of indemnity against the encumbrance, until it is extinguished, and agrees to pay the money upon the discharge of the encumbrance. The vendor agrees that he will procure the encumbrance on the land to be discharged, or, on his failure so to do, that the purchaser shall be released from the payment of a part of the consideration. Before a recovery of the $1000 can be had of the purchaser, the plaintiff must show that the vendor has performed the agreement on his part by discharging the encumbrance. The signing of the agreement by Outwater was not an unmeaning ceremony. The agreement imposes obligations upon both parties, and upon the obligee an obligation other than for the payment of money. The instrument is in effect, if not in terms, a contract between the

parties to indemnify the purchaser of the land against an encumbrance to the extent, at least, of the money retained by the purchaser, and not a.bill, bond, or writing obligatory for the payment of money within the meaning of the statute. Nor is it perceived why the purchaser, if the vendor refused to satisfy the mortgage, might not himself apply the money in discharge of the encumbrance, and thus discharge all obligation under the agreement to pay to the vendor or his assignee.

The instrument is not within the provision of the statute, and the action was, therefore, properly brought in the name of the assignor.

The judgment should be affirmed.

*For affirmance*—The CHANCELLOR, Judges HAINES, VAN DYKE, VREDENBURGH, WHELPLEY, COMBS, CORNELISON, SWAIN, and WOOD.

*For reversal*—None.